UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JAMES WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>TRENT ALLEN, Warden,[1]<br><br>Respondent. | No. 2:23-cv-0196 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner submitted a declaration that makes the showing required by § 1915(a). Therefore, the request to proceed in forma pauperis is granted. Id. As discussed below, the petition should be dismissed without prejudice.

Background

Petitioner was convicted in 2014 and sentenced to 27 years in state prison. Petitioner does not challenge his underlying criminal conviction. Rather, petitioner claims he is entitled to "ameliorative" legislation he claims was not available at the time he was sentenced.

---

[1] Trent Allen**Error! Main Document Only.**, current warden of Salinas Valley State Prison, is substituted as respondent. Fed. R. Civ. P. 25(d); see Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).
1

Federal Habeas Jurisdiction

Federal habeas corpus relief is available only when a petitioner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). It is not available for errors in the interpretation or application of state law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A challenge to a state court's application of state sentencing laws does not create a federal question cognizable on federal habeas review. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

Claims Based Solely on State Law Are Not Cognizable

In his first claim, petitioner refers to Senate Bill 620, and claims such legislation was not available at the time he was convicted. To the extent petitioner contends that the case should be remanded so that the trial court can exercise its discretion to strike or dismiss a weapon enhancement under Senate Bill 620, such claim is not cognizable. "[A]sserting a right to resentencing under California's Senate Bill 620 . . . raises a state-law claim that is not reviewable in federal court." Moreno v. Pollard, 2021 WL 864066, at *6 (C.D. Cal.), report and recommendation adopted, 2021 WL 863750 (C.D. Cal. 2021); see also Hearod v. Davis, 2019 WL 7562682, at *6 (C.D. Cal. 2019) ("[E]very federal court to have addressed the issue has held that claims for resentencing under Senate Bill No. 620 are not cognizable."), report and recommendation adopted, 2020 WL 127549 (C.D. Cal. 2020). Accordingly, petitioner's resentencing claim, predicated on Senate Bill 620, fails to state a violation of the Constitution, laws, or treaties of the United States and is therefore not cognizable on federal habeas review. See, e.g., Chavez v. Baughman, 2018 WL 5734654, at 2 (C.D. Cal. Oct. 28, 2018) (summarily dismissing Senate Bill 620 claim because "[t]he claim as presented only involves the application of state sentencing laws and does not give rise to a federal question cognizable on federal habeas review").

In his third claim, petitioner asserts he was denied a hearing when the Sacramento County Superior Court denied his Franklin motion and cites SB 260. In 2013, the California Legislature

////

////

2

1    passed Senate Bill 260 in response to Miller v. Alabama, 567 U.S. 460 (2012).[2]  Senate Bill 260

2    became effective January 1, 2014, and enacted sections 3046, subdivision (c), 3051, and 4801,

3    subdivision (c), to provide a parole eligibility mechanism for juvenile offenders.  People v.

4    Franklin, 63 Cal.4th 261, 277 (2016); People v. Perez, 3 Cal. App. 5th 612, 618 (2016).

5         Section 3051 generally provides that any individual serving a sentence imposed for a

6    crime committed when the individual was under the age of twenty-five may obtain a "youth

7    offender parole hearing."  California Penal Code section 4801 was amended to generally provide

8    that, in considering the parole eligibility of such an individual, the Board of Parole Hearings

9    should "give great weight to the diminished culpability of juveniles as compared to adults, the

10   hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in

11   accordance with relevant case law."  See Cal. Penal Code § 4801(c).

12        Here, petitioner may not transform state law issues into a federal one merely by asserting

13   a violation of due process.  Langford v. Day, 110 F3d 1380, 1389 (9th Cir. 1996); see also Tucker

14   v. Gastelo, 2019 WL 4273892, at *6 (E.D. Cal. Sep. 10, 2019) (finding that claim pursuant to

15   People v. Franklin was not cognizable on federal habeas review because it solely relied on state

16   law); Doughton v. Montgomery, 2021 WL 3186567, at *3 (E.D. Cal. July 28, 2021) (rejecting

17   petitioner's attempt to transform his SB 1437 claim into a federal one); McKinney v. Pfeiffer,

18   2019 WL 5686334, at *3 (C.D. Cal. Sep. 6, 2019) ("Whether petitioner is entitled to any of the

19   reforms enacted under California state law or can claim relief under the holdings of state law

---

[2] In Miller, the Supreme Court held unconstitutional a mandatory sentence of life without the possibility of parole ("LWOP") for a homicide committed when the defendant was fourteen years old but found such sentence permissible if it is discretionary and the sentencing court considers certain relevant and mitigating circumstances.  Id.  However, in People v. Franklin, the California Supreme Court held that a de facto LWOP sentence imposed on a person under the age of eighteen at the time of the offense did not violate the Eighth Amendment because of the prospect of early parole consideration mandated by California Penal Code section 3051.  A remand to the sentencing court was still required to develop a record for consideration of youth-related Miller factors at future parole hearings.  63 Cal. 4th at 287.  "[I]n 2017, California passed SB-394, which amended § 3051 to make clear it applied retroactively.  It also amended § 4801 to require that parole boards give "great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity."  Scott v. California, 2018 WL 6070938, at *1 (C.D. Cal. Mar. 8, 2018) (finding California prisoner's claim under Miller moot).

3

decisions are solely matters of state law."); Carter v. Koenig, 2019 WL 6331375, at *4-5 (C.D. Cal. Oct. 30, 2019) ("[T]hat Petitioner characterizes [his claims] as a violation of his federal constitutional rights is not sufficient, without more, to state a federal claim."); Esparza v. Lizarraga, 2019 WL 6749449, at *3 (C.D. Cal. Aug. 7, 2019) ("Nor is the Court aware of any federal constitutional hook to California's reform of the felony-murder and natural-and-probable-consequences doctrines."). Petitioner refers to various other numbers, ostensibly other pieces of California state legislation, but without supporting facts or further descriptions. (ECF No. 1, passim.) However, to the extent he is attempting to characterize his state law claims as a violation of his federal constitutional rights, such effort is unavailing.

<u>Attorney Error During Collateral Proceeding Not Cognizable</u>

In his second claim, petitioner also seeks to have state laws applied, but claims he sustained ineffective assistance of counsel claim when counsel failed to timely appeal which purportedly deprived petitioner of an opportunity to have the unidentified state laws applied. (ECF No. 1 at 5.) To the extent petitioner claims ineffective assistance related to the superior court's denial of the Franklin motion, such claim is also not cognizable on federal habeas review. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); see also Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. . . . Consequently, a petition cannot claim constitutionally ineffective assistance of counsel in such proceedings."); Doughton, 2021 WL 3186567, at *2 ("While it is theoretically possible to receive ineffective assistance of counsel, even on state law issues, and hence state a viable federal claim, such a claim is unavailable for state court collateral proceedings.").

Petitioner's claim is based on his counsel's alleged inactions during a collateral proceeding -- in this case petitioner's motion under Franklin – and, therefore, it is not cognizable on federal habeas review. See Doughton, 2021 WL 3185657, at *2 (claim that counsel was ineffective for failing to file a reply brief in support of petitioner's SB 1437 resentencing petition was not cognizable); see also Munoz v. Covello, 2021 WL 3472804, at *2 (C.D. Cal. July 12,

4

2021) (rejecting petitioner's argument that SB 1437 does not constitute a collateral proceeding); Schrubb v. Kernan, 2020 WL 789235, at *2 n.3 (E.D. Cal. Feb. 18, 2020) (finding claim of ineffective assistance of counsel during Proposition 47 post-conviction proceeding was not cognizable).

All Claims Have Not Been Exhausted

But even assuming, arguendo, the petition could be construed as raising a federal claim, petitioner failed to exhaust his state court remedies.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner failed to exhaust state court remedies. Petitioner appended a copy of the December 8, 2022 minute order denying his motion for a Franklin hearing. (ECF No. 1 at 7.) Such claims were not presented to the California Supreme Court. (ECF No. 1 at 3.) The California Supreme Court's website confirms that petitioner did not file a petition for writ of habeas corpus after December 8, 2022, the date the superior court denied the Franklin motion.[4] Indeed, the last petition filed in the California Supreme Court by petitioner was a petition for writ of habeas corpus filed on February 13, 2020, which was denied without comment on May 13, 2020. Williams (Anthony James) on

---

[3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[4] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

Habeas Corpus, Case No. S260657.  Further, there is no allegation that state court remedies are no longer available to petitioner.  Accordingly, the petition should be dismissed without prejudice.[5]

Motion for Appointment of Counsel

Petitioner requested the appointment of counsel.  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, in light of the above, the court does not find that the interests of justice would be served by the appointment of counsel.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis (ECF Nos. 2, 10);
2. Petitioner's motion for appointment of counsel (ECF No. 2) is denied;
3. The Clerk of the Court is directed to (a) substitute Trent Allen as respondent, and (b) serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California;
4. The Clerk of the Court is directed to assign a district judge to this case; and

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,

---

[5] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

he shall also address whether a certificate of appealability should issue and, if so, why, and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 12, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will0196.103